# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RENEE L. MCCRAY** | } |
| *Appellant,* | } |
| vs. | }  Civil Action No.: SAG-20-0973 |
| **WELLS FARGO BANK, N.A.** | } |
| *Appellee* | } |
| | } |

## APPELLANT'S MOTION FOR RECONSIDERATION AND NOTICE OF OBJECTION TO THE COURT'S MEMORANDUM OPINION AND ORDER DATED SEPTEMBER 17, 2020

Renee L. McCray, Appellant in the above referenced appeal files this Motion for Reconsideration and Notice of Objection to the Court's Memorandum Opinion and Order dated September 17, 2020, and states the following:

### Notice of Objection

The Appellant is not in agreement with the Court's Memorandum Opinion and Order and objects to the following to correct a clear error of law and to prevent a manifest injustice:

As stated in the Appeal Brief, the Appellant filed the Motion to Reopen pursuant to the FRCP, Rule 60(d)(3) and for the Appellee's, Wells Fargo Bank, N.A.'s (WFBNA), violation of the Appellant's 2014 bankruptcy discharge. The Appellant was finally able to obtain genuine fact evidence that the bankruptcy's order dated 05/20/2014 was obtained by "Fraud on the Court" and requested an evidentiary hearing, in order to present genuine fact evidence that the bankruptcy court should set aside its order, pursuant to FRCP 60(d)(3).

Neither WFBNA, nor its attorneys have ever refuted the Appellant's assertions that the attorneys in the bankruptcy proceeding submitted to the Appellant and the Court a counterfeit negotiable instrument at the relief from stay hearings, nor have they ever rebutted or refuted the Appellant's 2015 and 2018 Criminal Complaints and Affidavits of the Criminal Complaints.[1] The Appellant believes the bankruptcy court erred and/or abused its discretion by not allowing the Appellant an evidentiary hearing, in order to present genuine fact evidence of the Appellee's attorneys violation of FRCP 60(d)(3) and WFBNA's violation of the Appellant's bankruptcy discharge.

The Appellant admitted she signed a promissory note with the alleged lender, American Home Mortgage (AHM), however, AHM never disclosed that by signing its forms the Appellant would relinquish her right to only pay the obligation to the person legally entitled to enforce it. On May 13, 2014, the Appellant made her objection to the handwriting expert's testimony because the alleged note that was presented to the Appellant and the bankruptcy court was not the Note the Appellant signed in 2005. Further, the handwriting expert could not testify that the document presented to the Appellant and the bankruptcy court on March 20, 2014 and May 13, 204 was the original Note the Appellant signed on October 7, 2005. Also, the Appellant objects to the fact that the bankruptcy court continues to ignore that the Appellant specifically denied **all** the indorsements on the alleged note, not just her indorsement. Pursuant to Maryland Commercial Law Code §3-308(a), the bankruptcy court has never required WFBNA to prove with genuine fact evidence that AHM indorsed the alleged Note to WFBNA.

---

[1] It is true that "federal authorities" did not take any investigative or prosecutorial action. However, the record is devoid of any evidence that the Appellee and its attorneys ever disproved any of the statements in the Appellant's 2015 and 2018 Criminal Complaints and Affidavits of Criminal Complaints.

The Appellant also rebutted the Appellee citing *Deutsche Bank Nat. Trust v. Brock*, 430 Md. 714 (2013), in its Response Brief, since this case does not apply to this bankruptcy case because "Brock did not dispute the validity of the indorsements on the Note…" and conceded that BAC was the "holder of the Note and entitled to enforce it, free of any requirement to prove how it came into possession of the Note." The Appellant disputed the validity of the indorsements on the Note and never conceded that WFBNA, nor FHLMC was the "holder of the Note and entitled to enforce it, free of any requirement to prove how it came into possession of the Note." This Court and the Bankruptcy Court have disregarded the Maryland Commercial Law Code requiring WFBNA to prove how it came into possession of the alleged Note. Further, the record is devoid of any evidence that AHM ever sold, assigned or transferred the Note to WFBNA.

As the Appellant stated in the Appeal Brief, the law that regulates the Appellant's 2005 note is the Maryland Commercial Law Code, Article 3. *Anderson v. Burson*, 35 A.36, 460, (2012), "The Maryland Code, Commercial Law Article governs a negotiable promissory note that is secured by a deed of trust. *Silver Spring Title Co. v. Chadwick*, 213 Md. 178, 181 131 A.2d 489, 490 (1957); *LeBrun v. Prosise*, 197 Md. 466, 474-75, 79 A.2d 543, 548 (1951); Md. Code Ann, Com. Law § 9-203(g) & cmt. 9 (LexisNexis 2002)." The Appellant objects to the bankruptcy court's ruling and believes the court erred and abused its discretion when it denied the Appellant equal protection of the Maryland Commercial Law Code, and determined WFBNA was the Noteholder and entitled to enforce it without requiring WFBNA to provide any factual evidence of their enforcement rights.

The Appellant also rebutted the Appellee's assertion in its Brief (Doc. 5, pg. 13), "It has been well-established throughout Ms. McCray's many lawsuits and appeals that the investor and noteholder of Ms. McCray's mortgage loan was Federal Home Loan Mortgage Corp…" The

Maryland Commercial Law Code has fundamental principles of fairness for the Appellee to prove its enforcement rights as the Noteholder, which WFBNA refuse to prove. Also, the Appellee has conceded to the fact that the Appellant has challenged both the Appellee and Federal Home Loan Mortgage Corporation (FHLMC), on numerous occasions to provide proof of their legal authority to demand payment from her as a party with 100% enforcement rights to the 2005 Note, pursuant to Md. Commercial Law Code §3-501(b)(2). Both WFBNA and FHLMC have failed and refused to provide any genuine fact evidence to prove they were ever the Noteholder entitled to enforce the Appellant's Note; and the bankruptcy record is devoid of any evidence to the contrary (see Appellant's Reply Brief, Doc. 6, pgs. 9-10). Neither WFBNA, nor FHLMC have ever been the Appellant's creditor, and they have never provided any evidence to the contrary to the Appellant, nor the bankruptcy court.

The Appellant objects to the bankruptcy court disregarding the Errata that WFBNA submitted into the United States Court of Appeals for the Fourth Circuit, Appeal No.: 15-1444 stating that the 2012 Corporate Assignment of Deed of Trust had no beneficial interest. The bankruptcy court is disregarding the fact that WFBNA's own admission into the court, that the Note was not included with the invalid Corporate Assignment of Deed of Trust, which is prejudicial to the Appellant and also violates Maryland Statute of Frauds. "The note and mortgage are inseparable, the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, **while an assignment of the latter alone is a nullity**" (Emphasis added) *Carpenter v. Longan*, 83 U.S. 16 Wall. 271 (1872); also see *LeBrun v. Prosise*, 79 A.2d 543, Md. Court of Appeals (1951).

As stated in the unrefuted 2015 Criminal Complaint, WFBNA illegally attempted to assigned the Appellant's 2005 Deed of Trust to itself without any authority from AHM, the alleged

lender, and without the Note. When a note is split from a deed of trust "the note becomes, as a practical matter, unsecured." *Restatement (Third) of Property (Mortgage) §5.4 cmt.* (1997). If the deed of trust was assigned without the note, then the assignee, "having no interest in the underlying debt or obligation, has a worthless piece of paper." 4 *Richard R. Powell on Real Property*, §37.27[2] (2000). *Cf. In re Foreclosure Cases*, 521 F.Supp.2d 650, 653 (S.D. Ohio 2007) (finding that one who did not acquire the note which the mortgage secured is not entitled to enforce the lien of the mortgage); *In re Mims*, 438 B.R. 52, 56 (Bankr.S.D.N.Y.2010) ("Under New York law 'foreclosure of a mortgage may not be brought by one who has no title to it and absent transfer of the debt, the assignment of the mortgage is a nullity.'") (quoting *Kluge v. Fugazy*, 145 A.D.2d 537, 536 N.Y.S.2d 92, 93 (N.Y.App.Div.1988)). WFBNA has never provided the bankruptcy court any factual evidence or documentation to establish its status as "the holder of the note and entitled to enforce", or as an entity with any ownership in the Appellant's Note.

As the Appellant stated above, she was able to obtain genuine fact evidence that the Note presented to her and the bankruptcy was a counterfeit negotiable instrument and that the Appellee's attorneys violated FRCP 60(d)(3). The Appellant, a *pro se* litigant, with limited knowledge of the court's evidentiary process was under the impression that the only way to present her evidence to the court (visual and audio recordings, transcript testimony, etc.) was via a literal evidentiary hearing. The Appellant did not realize when she filed the Motion to Reopen that she would have limited access to the courts because of COVID-19, nor did she realize she could use innovated internet technology to present her evidence.

Also, as stated in the Appellant's Notice of Objection,[2]

---

[2] Bankruptcy Docket No. 131

"The Petitioner could not previously obtain the evidence because she was not in a position financially until many years later, when the cost for the video recording and transcript was substantially discounted. Also, the Petitioner was unaware at the time of obtaining the evidence that the video recording would reveal the attorneys' violation of FRCP 60(d)(3), until it was purchased in September 2018, during the discovery process in the Petitioner's Fair Debt Collection Practices Act (FDCPA) case. Since that time, the Petitioner has reported these attorneys' violations of Maryland Criminal Law Title 8, Sections 8-601 and 8-602 to various legal authorities to no avail. The Petitioner then researched how to reopen the bankruptcy proceeding, and requested an evidentiary hearing to provide genuine fact evidence to the Court that the note the Respondent's attorneys presented to the Petitioner and this Court during the bankruptcy proceedings violated FRCP 60(d)(3). Also, FRCP 60(d)(3) has no time limit to set aside a judgment for fraud on the court."

The Appellant objects to the Court's presumption that "the motion to reopen the bankruptcy case…was intended as a last-ditch effort to prevent ratification." The Appellant's motion to reopen was an attempt to finally present her evidence of the Appellee's attorneys wrongdoing of fraud on the court and for WFBNA to finally provide genuine fact evidence of their enforcement rights to the Appellant's 2005 Note, pursuant to Maryland Commercial Law Code, Article 3. Further, the FRCP 60(d)(3) allowed the Appellant the opportunity to file the motion to reopen, in order to correct a clear a mistake of law and to prevent a manifest injustice.

After the Appellant received a copy of the deposition video recording, she immediately filed a grievance with the Attorney Grievance Commission of Maryland against WFBNA's attorneys for their violations of the Maryland Lawyers' Rules of Professional Conduct and requested an investigation. The Grievance Commission refused to perform a "meaningful investigation" into the attorneys' wrongdoing in this bankruptcy case, and never requested the Appellant's evidence. The Appellant filed a Criminal Complaint and Affidavit of Criminal Complaint with the United States Attorney for the District of Maryland. The Appellant then filed

a Petition for Writ of Mandamus with the Court of Appeals for Maryland who regulates the Attorney Grievance Commission, requesting an order for the Commission to perform a "meaningful and unbiased investigation" into the attorneys' violations of the rules of professional conduct. The Court of Appeals sealed the record and then denied the Appellant's Petition. The Appellant then filed a complaint with Governor Larry Hogan regarding the Court of Appeals denial to order the Grievance Commission to perform an unbiased investigation into the Appellant's complaint to no avail. The Appellant then filed a Motion requesting a hearing in the state foreclosure action to present evidence to the state court of WFBNA's attorneys' crime of counterfeiting the Appellant's 2005 Note. The Appellant was denied a hearing. The Appellant was under the impression that the various state and federal agencies would investigate WFBNA attorneys wrongdoing and assist the Appellant to finally receive a fair, honest and unbiased decision in the courts. All of the complaints, motions and appeals the Appellant filed were not for delay, but her due diligence to finally receive genuine fact evidence that WFBNA was the Noteholder with 100% enforcement rights to the Appellant's 2005 Note. The Appellant also had to research how to file the motion to reopen the bankruptcy case. All of the Appellant's actions took a considerable amount of time and effort to research because the Appellant could not afford an attorney.

The Appellant is requesting this Court to take **Judicial Notice** of the following internet link: https://drive.google.com/file/d/1xmfvL9t1Uq78c_pRdS2NrwKk9GOCjylv/view, which is a link to a video showing WFBNA's attorneys presenting the Appellant the same counterfeit negotiable instrument they presented to the Appellant and the bankruptcy court at the March 20, 2014 and May 13, 2014 relief from stay hearings. In the video, the attorneys attempted to switch the alleged note with a different version when we went to make a copy. When the Appellant

informed attorneys Barranco and Hillman she was going to inform the bankruptcy judge of their wrongdoing, attorney Barranco stated, "Well good, bring it up with the judge, I guess she will take your word over the word of two Officers of the Court." Also, please take **Judicial Notice** that both attorneys Barranco and Hillman gave the Attorney Grievance Commission an entirely different account of the same incident in the copier room, which is further evidence that the attorneys attempted to switch the counterfeit negotiable instrument.

Further, the Appellant objects to the Court stating that WFBNA's violation of the bankruptcy discharge was not raised before Judge Alquist. The violation was for the Appellee's filing the Amended Affidavit of Deed of Trust Debt in the state foreclosure action. Neither the Appellee, nor FHLMC was ever a party to the Appellant's 2005 Deed of Trust, and neither the Appellant nor the bankruptcy court have ever been in receipt of any evidence to the contrary. The Appellant raised the issue of the Amended Affidavit of Deed of Trust Debt in the motion to reopen (see Motion to Reopen, pg. 6, #6). As the Appellant stated in the Reply Brief (see pg. 4), "the Appellant did not have any knowledge until after receiving a second correspondence from Statebridge Company LLC (which was received by the Appellant on Monday, May 11, 2020), that the $70,650.94 demand for payment was from an alleged deficiency from the Amended Affidavit of Deed of Trust Debt." The Appellant was not aware she needed to cite an authority, in order to have the bankruptcy court uphold its bankruptcy discharge, pursuant to 11 U.S.C. § 524.

**WHEREFORE,** for all the reasons stated above, and the Appellant's objections, it is the Appellant's wish that this Court reconsider it Order dated September 17, 2020 affirming the Bankruptcy Court's decisions and remand the case back to the bankruptcy court.

**WHERFORE**, the Appellant is requesting an Order from this Court for the Bankruptcy Court to schedule an evidentiary hearing so that WFBNA can finally provide and prove with genuine fact evidence that they are the Noteholder with enforcements rights to the Appellant's 2005 Note, pursuant to the Maryland Commercial Law Code, Article 3. The Order should also stipulate that if WFBNA refuses to provide such evidence, the Bankruptcy Court will set aside its Order dated May 20, 2014, in order to correct a clear error of law and mistaken legal principles pursuant to the Maryland Commercial Law Code, and to prevent a manifest injustice to the Appellant.

All Rights Reserved Without Prejudice,

*/s/ Renee L. McCray*
Renee L. McCray, Appellant
c/o 109 Edgewood Street
Baltimore, MD  21229
(410) 945-2424

### AFFIDAVIT

I, Renee L. McCray, Appellant, does hereby certify that the facts set forth in this Motion for Reconsideration and Notice of Objection are true and correct to the best of my information, personal first-hand knowledge and belief.

*/s/ Renee L. McCray*
Renee L. McCray

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of this Motion for Reconsideration and Notice of Objection was mailed to the following listed below by First Class Mail on September 25, 2020.

Sarah E. Meyer
WOMBLE BOND DICKINSON (US) LLP
100 Light Street, 26th Floor
Baltimore, MD 21202

_____
Renee L. McCray