IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **RENEE LOUISE MCCRAY** | * | |
| Appellant, | * | |
| v. | * | Appeal No.   1-20-cv-000973-SAG |
| **WELLS FARGO BANK, N.A.** | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO APPELLANT'S
MOTION FOR RECONSIDERATION**

Appellee, Wells Fargo Bank, N.A., pursuant to Federal Rule 59(e) and Bankruptcy Rule 9023, hereby opposes the "Appellant's Motion for Reconsideration and Notice of Objection to the Court's Memorandum Opinion and Order Dated September 17, 2020" filed on September 25, 2020 (the "Motion for Reconsideration").  Doc. 9.  For reasons stated herein, the Motion should be denied.

**INTRODUCTION**

On November 15, 2019,[1] Ms. McCray filed a "Motion to Reopen for Relief from Judgment and Violation of the Bankruptcy Discharge" (the "November 2019 Motion to Reopen") in the underlying Bankruptcy action, asking the Bankruptcy Court to reopen her 2013 Chapter 7 Bankruptcy (which was closed on December 10, 2015) and to vacate its May 21, 2014 Order

---

[1] Ms. McCray attempts to rely on her status as a pro se litigant seeking a liberal construction of her pleadings and argues that she was unaware when she filed the Motion to Reopen that she would have "limited access to the courts because of COVID-19, nor did she release she could use innovated [sic] internet technology to present her evidence." Doc. 9, p. 5.  It is important to note however, that COVID-19 had no impact on the arguments made by Ms. McCray in her Motion to Reopen as that Motion was filed and fully briefed by December 12, 2019.  Reliance on the COVID-19 pandemic is thus, unavailing.

granting Wells Fargo's motion for relief from the automatic stay. See Doc. 3-28. Wells Fargo opposed the Motion and on March 31, 2020, the Bankruptcy Court denied the November 2019 Motion to Reopen by Memorandum Order (Doc. 3-45, the "3/31/2020 Memorandum Order"). Ms. McCray moved for reconsideration asserting the same arguments offered (and rejected) in her November 2019 Motion to Reopen. That Motion was also denied by the Bankruptcy Court. Ms. McCray then noted an appeal to this Court.

The appeal was fully briefed and on September 17, 2020, this Court issued a well-reasoned Memorandum Opinion and Order affirming the decisions of the Bankruptcy Court. Docs. 7 (the "9/17/2020 Opinion") and 8, (the "9/17/2020 Order"), respectively. This Court, finding that the Bankruptcy Court did not abuse its discretion in denying Ms. McCray's November 2019 Motion to Reopen, held that "Appellant's vague and unsupported assertions of 'new evidence' to support her claim, then, did not suffice to establish the required compelling cause to reopen the long-closed proceeding, or to provide a basis for [the Bankruptcy Court] to reconsider the order declining to reopen the case." Doc. 7, p. 7. This Court also rejected Ms. McCray's contention that she was entitled to and was denied an evidentiary hearing finding that "[the Bankruptcy Court] had extensive familiarity with the issues between the Appellant and Wells Fargo, and had presided over the evidentiary hearing in the bankruptcy case in 2014. ... [T]here is no legal requirement for an in-court hearing to be held before a judge can consider the ***legal*** issues presented in a motion to reopen a case." Doc. 7, p. 7 (emphasis added). Finally, this Court properly declined to entertain Ms. McCray's argument respect to the so-called "sale of the alleged amended debt to Statebridge Company, LLC," as it had not been preserved below. *Id.*

Undeterred by the 9/17/2020 Opinion and Order, on September 25, 2020, Ms. McCray filed a "Motion for Reconsideration and Notice of Objection" to this Court's 9/17/2020 Opinion

and Order. Doc. 9. Consistent with her pattern, Ms. McCray's Motion is nothing more than a re-argument of her frequently rejected arguments regarding the validity and right to enforce her mortgage loan. Ms. McCray also continues to reference a criminal complaint and an attorney grievance complaint she submitted against Wells Fargo's former counsel and foreclosure counsel in 2015 and 2018. Although she repeatedly contends that the complaints were unrefuted or unopposed, she admits that based on the facts she alleged, there is no evidence of any action taken by either the Attorney General's Office or the Attorney Grievance Commission.[2] Additionally, Ms. McCray re-argues her mischaracterization of the Commercial Law Article of the Maryland Code and the cases interpreting the same. Thus, Ms. McCray offers *nothing* new to support reconsideration or demonstrate a clear error of law or a need to prevent a manifest injustice. As such, her Motion should be denied.

## ARGUMENT

Ms. McCray does not cite the Rule under which she pursues relief yet seeks to "correct a clear error of law and to prevent a manifest injustice" Doc. 9, p. 1. Because her motion was filed within 14 days of this Court's 9/17/2020 Opinion and Order, it should be treated as a motion pursuant to Federal Rule of Civil Procedure 59(e) in accordance with Federal Rule of Bankruptcy Procedure 9023. "Except as provided in this rule ... Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed ... no later than 14 days after entry of judgment." Fed. Rule Bankr. Proc. 9023.

---

[2] Wells Fargo respectfully requests that Ms. McCray's request to take judicial notice of a purported portion of a video-taped deposition which she has uploaded to an internet website be denied. This purported video has neither been authenticated nor can it be determined whether the deposition has been altered or edited in any way. Further, the Court need not consider any portion of that deposition as it is offered presumably in support of her already rejected argument regarding the ownership, validity and right to enforce her mortgage loan. These issues have been conclusively decided by several courts already and so-called evidence from 2014 does not meet the standard for reconsideration herein. *See, McCray v. Driscoll*, 2020 WL 5568984 (Md. Ct. Spec. App. September 17, 2020) (affirming the final order of ratification in the Foreclosure action).

A Motion to Alter or Amend Judgment under Federal Rule 59(e) "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error of law or prevent manifest injustice." *Edokobi v. Toyota Motor Credit Corp.*, 2019 WL 2250568, *2 (D. Md. May 24, 2019) (quoting *Robinson v. Wix Filtration Corp. LLC,* 599 F.3d 403, 411 (4th Cir. 2010)). Ms. McCray has not satisfied this burden.

Instead, Ms. McCray objects to the Court's finding and sets forth (again) her arguments challenging Wells Fargo's status and standing to enforce the mortgage loan she entered into several years ago. Like her motions below, her Appellant's Brief and her Reply,[3] Ms. McCray's "objections" are based solely on her disagreement with the Court's findings.

"Mere disagreement with a court's ruling does not support a Rule 59(e) motion." *Bank v. M/V "Mothership"*, 2019 WL 2192488, at *4 (D. Md. May 20, 2019) (citations, quotations marks and alterations omitted). "A rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. ... Such limitations on Rule 59(e) motions are necessary because were it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the Court—not to mention its patience." *Pittman v. Deutsche Bank Nat'l Tr. Co.*, No. GJH-18-02425, 2020 WL 5759767, at *2 (D. Md. Sept. 28, 2020). Ms. McCray efforts to engage in yet another round of motions must be denied.

---

[3] Notably, nearly all of the arguments asserted in Ms. McCray's instant Motion have some reference to her Appellant's Brief, Reply Brief or a motion filed in the Bankruptcy case. *See e.g.* Doc. 9, p. 1 ("As stated in the Appeal Brief ..."), p. 3 ("The Appellant also rebutted ... in its Response Brief;" "As the Appellant stated in the Appeal Brief ..."); p. 5 ("Also, as stated in the Appellant's Notice of Objection ...").

Noticeably absent from her Motion is any "new" evidence and any clear error of law or manifest injustice.  Instead, all of the so-called support or "genuine fact evidence" offered by Ms. McCray has been available to her since 2018 *at the latest* and most are based on events or statements from 2014 and 2015.  Nothing demonstrates that this Court erred as a matter of law in finding that the Bankruptcy Court did not abuse its discretion in denying Ms. McCray's November 2019 Motion to Reopen or the reconsideration motion.  As such, nothing offered in the instant Motion for Reconsideration here, is novel or appropriate for this Court's review.

## CONCLUSION

For the reasons stated herein, the Motion should be denied.

*/s/ Sarah E. Meyer*
Sarah E. Meyer, Bar No. 29448
Womble Bond Dickinson (US) LLP
100 Light Street, 26th Floor
Baltimore, MD 21202
Phone: 410-545-5807
Email: Sarah.Meyer@wbd-us.com

*Counsel for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of October 2020, a copy of the foregoing was filed and served via CM/ECF upon counsel of record and by first-class mail, postage prepaid upon:

Renee L. McCray
109 North Edgewood Street
Baltimore, MD 21229

*/s/ Sarah E. Meyer*
Sarah E. Meyer, Bar No. 29448